**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMEL BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  17-cv-07358 |
| | ) |
| ARYZTA, LLC, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant, ARYZTA, LLC, through its attorneys, O'Hagan Meyer, LLC, and for its notice of removal, pursuant to 28 U.S.C. § 1446, states as follows:

1. Plaintiff, Jamel Barnes, filed a Complaint with the Circuit Court of Cook County, Illinois on August 17, 2017, which has been designated as Case Number 2017 CH 11312, and asserts a class action for violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). (*See* Complaint, attached as Exhibit A).

2. Defendant, ARYZTA, LLC, was served via process server through its registered agent, C T Corporation System, on September 19, 2017, and timely moves for removal pursuant to 28 U.S.C. § 1446(b). (*See* Service of Process Transmittal and Summons, attached as Exhibit B).

3. Plaintiff, Jamel Barnes, maintains his permanent residence and, upon information and belief, is domiciled in the State of Illinois. (Ex. A, ¶7; *see also* ¶28).

4. Defendant, ARYZTA, LLC, is a Delaware limited liability company. (Ex. A, ¶8).

5. The sole member of ARYZTA, LLC is ARYZTA IV Inc., a Delaware corporation with its principal place of business at 6080 Center Drive, Suite 900, Los Angeles, California 90045. (*See* Affidavit of James Oshima, attached as Exhibit C, ¶5).

6. The corporate officers of ARYZTA IV Inc. are also located in California, and direct, control and coordinate ARYZTA IV Inc.'s activities from their offices in California. (*See* Ex. C, ¶6).

7. ARYZTA, LLC is deemed to be a resident of any state where ARYZTA IV Inc. is a citizen and is therefore deemed to be a resident of Delaware and California for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1). *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (the citizenship of a business entity such as a LLC is determined by the citizenship of its individual members); 28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of every state in which it is incorporated and of the state where it maintains its principal place of business); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (clarifying that the "principal place of business" of a corporation for purposes of 28 U.S.C. § 1332(c)(1) is the corporation's "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities").

8. Although named only as a Respondent in Discovery pursuant to 735 ILCS 5/2-402, Automatic Data Processing, Inc., is a Delaware corporation with its headquarters and principal place of business located at One ADP Boulevard in Roseland, New Jersey 07068. (*See* Excerpt from SEC Form 10-K, attached as Exhibit D).

9. Accordingly, there is complete diversity among the parties to support removal under the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b), as the Plaintiff and class representative, Jamel Barnes, is a citizen of Illinois while ARYZTA, LLC is a Delaware limited liability company deemed to be a citizen of Delaware and California and Automatic Data Processing, Inc. is a Delaware corporation deemed to be a citizen of Delaware and New Jersey.

10. The matter in controversy threshold is also satisfied under 28 U.S.C. § 1332(d)(2).

11. As set forth within his Complaint, Plaintiff, Jamel Barnes, expects the class to consist of "at least hundreds of employees" and seeks at least $1,000 in liquidated damages per violation of the BIPA. (Ex. A, ¶56).

12. ARYZTA, LLC actually employs approximately 2,000 current employees in the State of Illinois, and believes that the class could further include approximately 3,000 former employees that used the biometric time tracking system in issue during the course of their former employment with ARYZTA, LLC over the last five years. (Ex. C, ¶¶7-8).

13. The BIPA provides for $1,000 in liquidated damages for a negligent violation of the act and $5,000 in liquidated damages for an intentional or reckless violation of the BIPA. *See* 740 ILCS 14/20.

14. The BIPA further allows for injunctive relief which Plaintiff, Jamel Barnes, also seeks with respect to the collection, storage and use of biometric information.

15. Although Defendant, ARYZTA, LLC, denies any liability to Plaintiff or the class under the BIPA, in light of the actual size of the purported class and the available damages, including the anticipated costs of implementing the injunctive relief requested, there is a reasonable probability that the amount in controversy is well in excess of $5,000,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

16. Therefore, pursuant to 28 U.S.C. § 1446, Defendant, ARYZTA, LLC, seeks to remove this action pursuant to the original jurisdiction bestowed upon the federal courts by virtue of 28 U.S.C. § 1332(d)(2).

WHEREFORE, Defendant, ARYZTA, LLC, respectfully requests that this Court enter an Order removing this action from the Circuit Court of Cook County, Illinois and transferring it to

the District Court for the Northern District of Illinois, Chicago Division, and for any other relief deemed necessary.

                                      Respectfully Submitted,

                                 By: _/s/ Jamie L. Filipovic_____
                                    One of the attorneys for ARYZTA, LLC

Kevin M. O'Hagan (ARDC No. 6211446)
Jamie L. Filipovic (ARDC No. 6278943)
Kristen A. Cemate (ARDC No. 6299262)
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
T: 312.422.6100
F: 312.422.6110
kohagan@ohaganmeyer.com
jfilipovic@ohaganmeyer.com
kcemate@ohaganmeyer.com