**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMEL BARNES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ARYZTA, LLC, a Delaware corporation,<br><br>*Defendant*. | Case No. 1:17-cv-07358<br><br>Honorable Thomas M. Durkin |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

Plaintiff Jamel Barnes filed this lawsuit under Illinois law in Illinois state court. Defendant Aryzta, LLC removed the case to this Court, arguing that the Court had subject matter jurisdiction. Oddly, Defendant's very next move was to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), attacking this Court's jurisdiction over Plaintiff's claims. Defendant refuses to recognize that this confounding litigation strategy has no end result but remand to the state court, and continues to waste the Court's and Plaintiff's time and resources to simply send this case back where it started. As Judge Bucklo recently held in a nearly-identical case, the only possible result on these facts is remand, and Plaintiff should be granted his fees and costs associated with this needless detour to federal court. *See Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910 (N.D. Ill. 2016) (remanding, and awarding fees, where defendant followed removal with a motion to dismiss under Rule 12(b)(1)).

## I. THIS CASE SHOULD BE REMANDED TO STATE COURT.

Aryzta is a leading global supplier of baked goods to the food service industry. (Compl. at ¶ 1, Ex. A to Notice of Removal, Dkt. 1-1.) To manage its many employees' schedules, Aryzta requires employees to punch in and out of work on a time clock. (Compl. ¶ 2.) Rather than use a punch card, key fob, or identification card to punch in, Aryzta employees must use their fingerprints. (Compl. ¶ 3.) Mr. Barnes, a former Aryzta employee whose fingerprints were taken for this purpose, alleges that Aryzta's use of employee fingerprints without consent or appropriate notice violates the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* He decided to litigate in state court, filing a complaint in the Circuit Court of Cook County, Illinois, on August 17, 2017.

After being served with the complaint, Aryzta removed the case, asserting that the federal court had subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

(Notice of Removal, Dkt. 1.) Defendant did not maintain this position for very long, though, as it promptly moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1), contesting this Court's subject matter jurisdiction and asking the Court to dismiss the case *with* prejudice. (Def.'s Mem. in Supp. of 12(b)(1) & 12(b)(6) Mot. to Dismiss, Dkt. 18 [hereinafter "Def.'s Mot. to Dismiss Br."].)

Aryzta cannot remove a case to federal court in order to dismiss for lack of federal subject matter jurisdiction. A case may only be removed to federal court "if the action originally could have been brought in federal court." *Illinois v. AU Optronics Corp.*, 794 F. Supp. 2d 845, 848 (N.D. Ill. 2011) (citing 28 U.S.C. § 1441(a)). The party removing the case—here, Aryzta—bears the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009); *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir. 2013). Article III standing is a component of subject matter jurisdiction that the removing party must establish. *Macon Cnty., III ex rel. Ahola v. Merscorp, Inc.*, 968 F. Supp. 2d 959, 964 (C.D. Ill. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "The party invoking federal jurisdiction bears the burden of establishing the[] elements [of Article III standing]." *Lujan*, 504 U.S. at 561. If, in a removed case, the court finds that it does not have subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) ("[A] case removed to federal court 'shall be remanded' to the state court if it is discovered that the federal court lacks subject matter jurisdiction.") (quoting 28 U.S.C. § 1447(c)); *see also Miksis v. Evanston Twp. High Sch. Dist. # 202*, 235 F. Supp. 3d 960, 978 (N.D. Ill. 2017) (Durkin, J.). Courts interpret the removal statute narrowly, and any doubts about the federal court's jurisdiction are resolved in favor of remand. *Schur*, 577 F.3d at 758.

Defendant abandoned its burden of proof to establish this Court's jurisdiction immediately upon arrival here. Rather than prove the Court's jurisdiction, Defendant *attacked* jurisdiction by filing a motion to dismiss under Rule 12(b)(1). (Def.'s Mot. to Dismiss Br.) Defendant argued, in that motion, that Plaintiff lacked Article III standing to pursue his claim, and insisted that the complaint be "dismissed with prejudice for a lack of subject matter jurisdiction." (*Id.* at 2.) By advocating that the Court lacks subject matter jurisdiction, Defendant has entirely failed to meet its burden of proof.

Plaintiff, for his part, wants to litigate this matter in state court and will not carry Defendant's jurisdictional burden on its behalf. One reason Plaintiff filed in state court was the lack of uniformity in Article III standing jurisprudence concerning BIPA. *Compare McCollough v. Smarte Carte, Inc.*, No. 16 C 03777, 2016 WL 4077108, at *3–4 (N.D. Ill. Aug. 1, 2016) (finding plaintiff had failed to allege a concrete injury sufficient to establish Article III standing) *with Monroy v. Shutterfly, Inc.*, No. 16 C 10984, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017) (concluding that plaintiff had established Article III standing). Illinois courts make their own standing determinations under state law, *see Smith*, 23 F.3d at 1142 ("[I]t is clear that Article III's 'case or controversy' limitations apply only to the federal courts."), which is why Plaintiff filed there and seeks remand.

Thus, the Court is presented with a situation in which neither party before it will overcome the presumption against federal jurisdiction. When neither party argues in support of jurisdiction, courts do not step in to do so. *See Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 426 (7th Cir. 2010) (remanding case where party invoking federal jurisdiction—there, the plaintiff—failed to establish it, and noting that "[w]e are not inclined . . . to make [plaintiff's]

jurisdictional arguments for her."). The only possible outcome in this situation is remand to state court. 28 U.S.C. § 1447(c).

Judge Bucklo recently evaluated a defendant's all-but-identical jurisdictional machinations in *Mocek v. Allsaints USA Limited*, 220 F. Supp. 3d 910 (N.D. Ill. 2016), and found that remand was the only appropriate outcome. In *Mocek*, the plaintiff filed a proposed class action in Illinois state court alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), which the defendant removed to federal court. *Id.* at 911. The defendant then filed a motion to dismiss under Rule 12(b)(1) asserting that the plaintiff lacked Article III standing, and seeking dismissal with prejudice. *Id.* at 911, 913. The plaintiff moved to remand the case to state court under 28 U.S.C. § 1447(c), which the court granted. *Id.* at 911. Judge Bucklo observed that "the jurisdictional issue is easily and readily resolved based on the parties' post-removal agreement that federal jurisdiction is lacking . . . . In short, with no party willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis." *Id.* at 912, 914 (internal quotation marks omitted). The same result is straightforward here: Aryzta has knowingly refused to carry its burden on federal subject matter jurisdiction. In the absence of jurisdiction after a removal, remand is appropriate.

Aryzta's attempt to ignore the issue of subject matter jurisdiction—and its burden—by removing a portion of its motion to dismiss when alerted to its inconsistent position does not change the calculus. Shortly after Aryzta filed its motion dismiss, Plaintiff's counsel notified Defendant's counsel that Aryzta's positions on jurisdiction were fundamentally inconsistent, and brought the *Mocek* opinion to counsel's attention. (*See* Decl. of Todd Logan at ¶ 3, attached hereto as Exhibit 1.) Given Aryzta's disavowal of this Court's subject matter jurisdiction, Plaintiff offered a stipulated remand to state court, (*id.*); that is, Plaintiff offered everything that

Defendant could have obtained had its 12(b)(1) motion been granted. *See Smith*, 23 F.3d at 1142 (holding that case must be remanded if federal court finds that it lacks subject matter jurisdiction after removal). Aryzta did not respond. Instead, Aryzta amended its motion to dismiss to simply omit its 12(b)(1) arguments "to avoid conflict with ARYZTA's removal of this action to this Honorable Court . . . ." (Def.'s Mot. to Withdraw Mot. to Dismiss & File Amended Mot. to Dismiss at 2, Dkt. 22.)

Aryzta's choice to stick its head in the sand does not give this court jurisdiction. Subject matter jurisdiction exists or it does not; it cannot be waived or stipulated to, *see Floyd v. Thompson*, 227 F.3d 1029, 1035 (7th Cir. 2000), and, as explained above, it is Aryzta's burden as the removing party to prove that this Court has it, *Schur*, 577 F.3d at 758. Thus, the posture remains identical to the situation before the court in *Mocek*: Defendant will not carry its burden on subject matter jurisdiction, and it is not Plaintiff's duty to do so. With neither party electing to establish this Court's subject matter jurisdiction, the Court's route is clear. The case should be remanded to state court.

## II. PLAINTIFF SHOULD BE AWARDED HIS FEES INCURRED AS A RESULT OF THE REMOVAL.

Defendant argued, in its Notice of Removal, that the federal court had jurisdiction over this action. (Notice of Removal, Dkt. 1.) Defendant's immediate about-face with its Rule 12(b)(1) motion was, as another court described this move, "[p]erplexing[]." *Macon Cnty.*, 968 F. Supp. 2d at 964. Knowing as it did that it would immediately attack the subject matter jurisdiction of this Court, Defendant knew—or should have known, based on the removal statute and binding precedent—that absolutely nothing would be accomplished other than a slow and expensive U-turn back to state court.

Worse, even after Plaintiff offered Defendant the only result that it could have achieved with its motion to dismiss, Defendant has continued to dig in its heels and insist that the remand be litigated. Defendant has forced the Court, and the Plaintiff, to waste substantial time and resources on a frivolous removal, and should pay the fees and costs arising from this willfully ignorant litigation strategy. 28 U.S.C. § 1447(c).

Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The court may award fees upon remand where (1) a defendant "lacked an objectively reasonable basis for seeking removal," or (2) in "unusual circumstances[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In considering whether an unusual circumstance requires a fee award, the court should be "faithful to the purposes of awarding fees under § 1447(c)," which include "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* at 140–41 (internal quotations omitted).

Defendant should compensate Plaintiff for his fees arising from this detour. Aryzta lacked an objectively reasonable basis for removal, knowing that it would immediately attack the jurisdiction of the court it had just invoked. In *Mocek*, Judge Bucklo ordered the defendant to pay the plaintiff's fees, observing:

> [D]efendant tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than the remand required by § 1447(c). As noted above, no court has afforded that relief under similar circumstances, and defendant's own authority confirms that remand is "mandatory."
>
> In short, it should have been obvious to defendant, based on well-settled law, that with no party asking for the merits of plaintiff's claim to be decided in federal court, and both sides arguing against federal jurisdiction, the only possible outcome was for the case to end up right back where it started: in state court. Under these circumstances, I have no trouble concluding that defendant lacked an "objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141, 126

> S. Ct. 704. Accordingly, plaintiff is entitled to recover her attorneys' fees incurred as a result of removal.

220 F. Supp. 3d at 914–15 (awarding $58,112.50 in fees). So too here: it should have been obvious to Aryzta that its plan would result in nothing but remand, accompanied by delay in the case and significant expense to Plaintiff. Such gamesmanship should be deterred, and the costs to Plaintiff remediated, by an award of fees.

Aside from lacking a reasonable basis to remove the case, Aryzta's refusal to accept the stipulated remand and its unsubtle attempt to sidestep its burden-of-proof obligations are unusual circumstances that merit an award of fees. Substantial time and effort could have been saved had Aryzta simply accepted remand. Instead, Aryzta required Plaintiff to file a motion to remand, even after Plaintiff warned that he would seek fees under § 1447(c) and that Judge Bucklo had awarded fees in the *Mocek* case. (*See* Logan Decl. ¶¶ 3–4.) Defendant saw that a remand was the only result it could achieve, but doubled down on its untenable position anyway. Absent an award of fees, Aryzta will have managed to impose significant costs on Plaintiff and manufacture a delay in the case without penalty.

Furthermore, the unnecessary stop in federal court was designed, or at least facilitated, by Aryzta's counsel. Aryzta's counsel significantly lengthened proceedings in this Court by rejecting Plaintiff's offer of a stipulated remand and requiring Plaintiff to file this motion. "Any attorney . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Plaintiff's fees should be paid by Aryzta's counsel for their unreasonable and vexatious conduct. *Cf. Doe ex rel. Hughes v. Martinez*, 674 F. Supp. 2d 1282 (D.N.M. 2009) (awarding fees and costs under § 1927 against

removing attorney where opposing counsel informed him prior to removal that proposed course of action was improper).

Aside from *Mocek*, many courts in this district have awarded fees and costs for improper removal. *See, e.g, DC Liquidators, LLC v. Warehouse Equip. Specialists, LLC*, No. 14 C 7222, 2015 WL 1502945, at *3 (N.D. Ill. Mar. 27, 2015) (Kennelly, J.) (awarding $11,596.39 in fees and costs under § 1447(c)); *Janis v. Workhorse Custom Chassis, LLC*, 891 F. Supp. 2d 970, 975–76 (N.D. Ill. 2012) (Bucklo, J.) (awarding fees and costs where "[Defendant] has the burden of showing removability, and has failed to meet that burden"); *F.H. Paschen, SN Nielsen & Assocs. v. Gillen*, No. 12 C 179, 2012 WL 130125, at *4 (N.D. Ill. Jan. 17, 2012) (St. Eve, J.) (awarding fees where "Defendant's baseless removal of this action has resulted in a waste of time and . . . . a waste of judicial resources"); *TCF Nat'l Bank v. W & A Bldg., LLC*, No. 10-cv-3096, 2010 WL 4791454, at *3–4 (N.D. Ill. Nov. 17, 2010) (Dow, J.) (awarding fees and costs where "it was Defendant's burden to affirmatively demonstrate why jurisdiction is present in federal court, and Defendant never satisfactorily carried that burden"). Plaintiff thus far has incurred $10,962 in attorneys' fees as a direct result of Aryzta's improper removal of this case. Such fees will continue to increase should Defendant persist in advocating its baseless position against remand and Plaintiff will supplement the amount of fees incurred with his reply, or by separate motion as the Court may require. Ultimately, both 28 U.S.C. § 1447(c) and 28 U.S.C. § 1927 provide for recovery of attorneys' fees arising from Defendant's conduct, and Plaintiff requests that the Court order fees to be paid.

## III. ARYZTA'S MOTION TO DISMISS SHOULD BE DENIED AS MOOT.

Aryzta's motion to dismiss under Rule 12(b)(6) is still pending. Without subject matter jurisdiction, however, the Court cannot accept Defendant's invitation to make substantive rulings

in the case. *See Cook v. Winfrey*, 141 F.3d 322, 325 & n.2 (7th Cir. 1998). In *Cook*, the plaintiff filed a complaint in federal district court invoking the court's diversity jurisdiction, alleging that the defendant, Oprah Winfrey, had defamed him and interfered with his prospective economic advantage. *Id.* at 324–25. Winfrey moved to dismiss on both 12(b)(1) and 12(b)(6) grounds, and the district court dismissed the complaint—without remarking on the jurisdictional issue—in its entirety under Rule 12(b)(6). *Id.* at 325. The Seventh Circuit observed that even though Winfrey requested that the court "go beyond" the jurisdictional grounds for dismissal and reach the merits, that position "fundamentally misunderstands the nature of federal jurisdiction": federal courts must resolve threshold questions first, and, if the court lacks jurisdiction, must not proceed to a merits determination under Rule 12(b)(6). *Id.* at 325 n.2.

This rule renders Defendant's request for a substantive ruling moot. Where Aryzta has abdicated its burden to establish this Court's jurisdiction, the Court should remand the case for lack of subject matter jurisdiction as explained above. Without subject matter jurisdiction, Aryzta's 12(b)(6) motion is moot. *See Mocek*, 220 F. Supp. 3d at 915 (denying defendant's motion to dismiss as moot upon remand to state court).

## IV. CONCLUSION.

For the reasons discussed above, Plaintiff respectfully requests that this Court: (1) remand the case to the Circuit Court of Cook County, Illinois; (2) award Plaintiff the fees incurred as a result of Defendant's and its counsel's improper removal; (3) deny Defendant's motion to dismiss as moot; and (4) grant such other relief as the Court deems just and proper.

Respectfully submitted,

**JAMEL BARNES**, individually and on behalf of all others similarly situated

Dated: November 22, 2017

By: /s/ J. Eli Wade-Scott
One of Plaintiff's Attorneys

Benjamin H. Richman
Sydney M. Janzen
Todd M. Logan
J. Eli Wade-Scott
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

David J. Fish
John C. Kunze
Kimberly A. Hilton
THE FISH LAW FIRM
200 East 5th Ave., Suite 123
Naperville, Illinois 60563

## CERTIFICATE OF SERVICE

I, J. Eli Wade-Scott, an attorney, hereby certify that on November 22, 2017, I caused to be served the above and foregoing ***Memorandum of Law in Support of Plaintiff's Motion for Remand to State Court*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system.

/s/ J. Eli Wade-Scott