IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMEL BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-cv-07358 |
| | ) |
| ARYZTA, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Defendant, ARYZTA LLC, through its attorneys, O'Hagan Meyer, LLC, and for its response in opposition to Plaintiff's, Jamel Barnes', motion to remand this matter back to the Circuit Court of Cook County, Illinois, states as follows:

**Introduction**

On August 1, 2017, Plaintiff, Jamel Barnes, filed a Complaint with the Circuit Court of Cook County, Illinois on August 17, 2017, asserting two causes of action against Defendant, ARYZTA, LLC: (1) a class action for violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"); and, (2) a class action for common law negligence under Illinois law. Defendant subsequently removed this action to this Honorable Court on October 12, 2017, based on jurisdiction under the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b) ("the CAFA") in light of the diversity of the parties. In particular, Plaintiff is a resident of Illinois while Defendant is a Delaware limited liability company with ARYZTA IV Inc. as its sole member. As ARYZTA IV Inc. is a Delaware corporation with its principal place of business in Los Angeles, California, Defendant is deemed a resident of Delaware and California.

Plaintiff now seeks to remand this action. However, Plaintiff does not challenge that Defendant has properly established diversity jurisdiction under the CAFA. Rather, Plaintiff argues instead that Defendant has failed to meet its burden of establishing federal subject matter jurisdiction in light of the lack of an injury-in-fact to support Article III standing for Plaintiff's claims under both the BIPA and common law negligence.[1]

Plaintiff's motion to remand must be denied. Notably, Plaintiff does not concede that he has not suffered an injury-in-fact and the allegations of his Complaint attempt to establish the contrary. (*See* Complaint, attached as Exhibit A, ¶¶36,63). Rather, Plaintiff appears to have avoided conceding this issue as it would preclude him from proceeding with his claim for common law negligence in state court. As a result, despite Plaintiff's attempt to argue that he does not dispute federal jurisdiction is lacking, he has not conceded or otherwise agreed to resolution of the Article III standing issue. Accordingly, the Article III standing issue has not been resolved by an agreement of the parties and remains to be determined by this Court. Should this Court determine from an analysis of the case-specific allegations of Plaintiff's Complaint that Plaintiff has sufficiently alleged Article III standing, jurisdiction before this Court remains appropriate under the CAFA.

**Argument**

Class actions under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("the BIPA"), are novel actions which began to be filed predominantly around April of 2015, several years after the BIPA took effect in 2008. Despite the recent trend of filing suit seeking relief under the BIPA, at the time that Defendant removed this matter to federal court and to the

---

[1] Defendant raised this argument via a Rule 12(b)(1) motion to dismiss, but subsequently withdrew this argument in light of the unsettled law with respect to claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, and filed an amended motion to dismiss raising only Rule 12(b)(6) arguments. (*See* Docs. 22, 26).

present, there has been no case law interpreting the provisions of the BIPA and no resolution of the Article III standing issue under the BIPA by dispositive motion or otherwise. Plaintiff concedes "the lack of uniformity in Article III standing jurisprudence concerning BIPA." (*See* Doc. 30, p. 4). Absent such authority, it remains unclear how this issue will be resolved in the instant case based on the specific allegations of the Complaint. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 968 (7th Cir. 2016) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (for purposes of evaluating standing at the pleading stage, the factual allegations within the complaint need only "cross the line from conceivable to plausible" to be accepted as true); *Cty. of Cook v. HSBC N. Am. Holdings Inc.*, 136 F.Supp.3d 952, 958 (N.D.Ill. 2015) *quoting Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 498 (7th Cir.2005) ("a motion to dismiss for lack of standing should not be granted unless there are no set of facts consistent with the complaint's allegations that could establish standing"); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016) ("the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact").

Here, after Defendant initially raised the question of whether Plaintiff had Article III standing to pursue his claims, Plaintiff requested that Defendant stipulate to remand. However, Plaintiff did not give any indication that Plaintiff concedes a lack of Article III standing based on the lack of an injury-in-fact and further stipulated to resolution of that issue against Plaintiff in conjunction with the remand. The proposed stipulation to remand also failed to provide any such agreement. (*See* Declaration of Kristen Cemate and accompanying Proposed Joint Stipulation, attached as Exhibit B and Exhibit B-1, respectively).

Therefore, the fatal flaw in Plaintiff's argument is that the Article III standing issue has not been agreed upon and remains undecided. In particular, this Court may determine from the case-

specific allegations of Plaintiff's Complaint that Plaintiff has established standing under Article III. Alternatively, this Court may determine that Plaintiff is entitled to amend his Complaint or that later resolution of the Article III standing issue is more appropriate than determining such issue at the dismissal stage. Should this Court find that such standing has been established or the issue should be reserved for later ruling, jurisdiction before this Court remains appropriate under the CAFA. Accordingly, Plaintiff's motion to remand must be denied.

Alternatively, should this Court find that remand is appropriate, Plaintiff's request for attorneys' fees in connection with the removal of the matter under Section 1447(c) of the United States Code, 28 U.S.C. § 1447(c), must nonetheless be denied. First, Defendant had "an objectively reasonable basis" for pursuing removal and continues to have a good faith basis to maintain this action before this Court based on diversity jurisdiction under the CAFA. Second, there are no other "unusual circumstances" justifying the imposition of attorneys' fees under the circumstances.

Although unpublished and not binding upon this Court, the analysis of the United States District Court for the District of New Jersey in declining to follow Judge Bucklo's lead in awarding fees against the defendant in *Mocek v. Allsaints USA Limited*, 220 F.Supp.3d 910 (N.D.Ill. 2016), is certainly persuasive:

> Firstly, the district court in *Mocek* did not focus on the appropriate threshold question of whether Defendant possessed an objectively reasonable basis for the removal, instead looking to whether the defendant should have anticipated that once removed under CAFA, subject matter jurisdiction would subsequently be defeated by the lack of standing. Secondly, although, as observed above, the courts in this district have recently held that remand is appropriate in TCCWNA class action complaints similar to that brought by Plaintiff, the analysis of whether Plaintiff has actually pleaded injury sufficient to meet the requirements of Article III is specific to the factual allegations raised in each complaint. Additionally, the Third Circuit has not yet had the opportunity to craft any controlling precedent governing this question. In these circumstances, I do not find it to be incumbent upon Defendant, after having been hailed

    into state court, to anticipate how this Court would rule on a Rule 12(b)(1) motion in a currently developing area of law, post-*Spokeo*, which applies a complaint-specific factual analysis. If, for example, this Court were to find that Plaintiff did plead actual injury, then the case would have proceeded in federal court because Plaintiff has not contested this Court's subject matter jurisdiction under CAFA. Because Defendant could not ask the state court to render an advisory opinion as to whether Plaintiff's pleadings satisfied Article III, post-*Spokeo*, the only way for Defendant to have its claims heard in the federal courts, as it is admittedly entitled to do under CAFA, without conceding actual injury, was to act as it did and remove first and then move to dismiss under Rule 12(b)(1). Accordingly, absent any controlling precedent rendering the basis for Defendant's removal "frivolous" or "insubstantial," this Court finds that Defendant articulated an objectively reasonable basis for removal under CAFA.

*Brahamsha v. Supercell OY*, No. CV 16-8440, 2017 WL 3037382, at *6 (D.N.J. July 17, 2017).

  Plaintiff does not contest this Court's jurisdiction pursuant to the diversity of the parties under the CAFA and as a result, Defendant had a good faith basis to remove this matter on October 12, 2017. Plaintiff has also failed to concede that he lacks an injury-in-fact. Although Plaintiff seeks to litigate this matter in state court, there remains a bona fide dispute between the parties as to whether the allegations of Plaintiff's Complaint are sufficient to establish an injury-in-fact to confer subject matter jurisdiction. Therefore, Plaintiff's motion to remand should be denied. However, should this Court determine that remand is appropriate due to a lack of Article III standing, this Court should deny Plaintiff's request for attorneys' fees under the circumstances.

  WHEREFORE, Defendant, ARYZTA LLC, respectfully requests that this Court enter an Order denying Plaintiff's, JAMEL BARNES', motion to remand this matter to the Circuit Court of Cook County, Illinois, denying Plaintiff's, JAMEL BARNES' request for attorneys' fees pursuant to 28 U.S.C. §1447(c), and providing for any other relief deemed necessary.

Respectfully Submitted,

By: _/s/ Kristen A. Cemate_____
    One of the attorneys for ARYZTA LLC

Kevin M. O'Hagan (ARDC No. 6211446)
Jamie L. Filipovic (ARDC No. 6278943)
Kristen A. Cemate (ARDC No. 6299262)
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
T: 312.422.6100
F: 312.422.6110
kohagan@ohaganmeyer.com
jfilipovic@ohaganmeyer.com
kcemate@ohaganmeyer.com

## CERTIFICATE OF SERVICE

This is to certify that on the **8th day of December, 2017**, I, Kristen A. Cemate, an attorney of record, electronically filed and served the foregoing *Defendant's Response in Opposition to Plaintiff's Motion to Remand to State Court* using the CM/ECF system, pursuant to the General Order on Electronic Case Filing and in compliance with Local Rules 5.2(a) and 5.5, upon all counsel of record at the following email addresses:

      David J. Fish, dfish@fishlawfirm.com, admin@fishlawfirm.com,
           sanders@fishlawfirm.com
      Kimberly A. Hilton, khilton@fishlawfirm.com, admin@fishlawfirm.com,
           sanders@fishlawfirm.com
      John C. Kunze, jkunze@fishlawfirm.com
The Fish Law Firm, P.C.
      200 East Fifth Avenue, Suite 123
      Naperville, Illinois 60563

      Sydney M. Janzen, sjanzen@edelson.com
      Todd M. Logan, tlogan@edleson.com
      Benjamin Harris Richman, brichman@edelson.com, docket@edelson.com
      J. Eli Wade Scott, ewadescott@edelson.com, docket@edelson.com
      Edelson P.C.
      350 North LaSalle Street, 13th Floor
      Chicago, Illinois 60654

                                            By:  /s/ Kristen A. Cemate
                                                   One of the attorneys for ARYZTA LLC

Kevin M. O'Hagan (ARDC No. 6211446)
Jamie L. Filipovic (ARDC No. 6278943)
Kristen A. Cemate (ARDC No. 6299262)
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
T: 312.422.6100
F: 312.422.6110
kohagan@ohaganmeyer.com
jfilipovic@ohaganmeyer.com
kcemate@ohaganmeyer.com