# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMEL BARNES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ARYZTA, LLC, a Delaware corporation,<br><br>*Defendant.* | Case No. 1:17-cv-07358<br><br>Honorable Thomas M. Durkin |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR REMAND

Defendant Aryzta opposes remand of this action by arguing that it simply needs to establish diversity of citizenship under the Class Action Fairness Act ("CAFA"), and then either Plaintiff Barnes or this Court bears the burden of establishing this Court's Article III jurisdiction. That's just wrong. It is black-letter law that the party invoking federal jurisdiction bears the burden of establishing subject matter jurisdiction, which includes showing that there is Article III standing. Where a Defendant has removed to federal court and then abjectly failed to carry its burden, the Court need not perform its own investigation into jurisdiction—that is why the burden exists. With neither party willing to demonstrate the Court's jurisdiction, the Court should remand. And because Defendant's failure to grasp this basic aspect of federal jurisdiction when it removed to this Court was not "objectively reasonable," Plaintiff should be awarded his fees as well.

**I. A REMOVING DEFENDANT BEARS THE BURDEN OF ESTABLISHING JURISDICTION, NOT PLAINTIFF OR THE COURT.**

Defendant's argument that it need only establish diversity of citizenship under CAFA to remove and remain in federal court treats Article III standing as if it is not part of this Court's

subject matter jurisdiction. It is. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) ("If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction[.]"). Defendant does not contest and therefore concedes that the removing party bears the burden of establishing the federal court's subject matter jurisdiction, *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir. 2013), an essential component of which is Article III standing, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing the[] elements [of Article III standing]."). Where Defendant has made no effort to carry that burden, there is nothing for the Court to decide: remand is appropriate. *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (rejecting "defendant's invitation to undertake a *Spokeo* analysis to conclude that remand is required").

Ignoring the above controlling authority and citing absolutely nothing in support, Defendant claims that Plaintiff must take a position on whether he has Article III standing and, absent that, the Court has an affirmative duty to examine its own jurisdiction despite the fact that neither party has argued for it. That is not correct. If the Court had an affirmative duty to investigate its jurisdiction where neither party argued for it, the legal burden would be a nullity—a defendant could simply elect not to respond to a motion for remand and still prevail. That is what Defendant is trying to do here: it makes no representations about an essential component of this Court's jurisdiction and yet still hopes for a ruling. (Defendant's abrupt silence on this issue follows its motion to dismiss under Rule 12(b)(1)—in which it argued that Plaintiff lacked Article III standing—but withdrew the motion after Plaintiff pointed out that it contradicted Defendant's position that the action was properly removed.)

Of course, a federal court must assure itself of subject matter jurisdiction even where both parties contend that it exists; subject matter jurisdiction cannot be waived. *United States v. Hays*, 515 U.S. 737, 742 (1995). But this responsibility doesn't run the other way—that is, a court need not determine whether it has jurisdiction where *neither* party argues that it does. Though Defendant does not cite the case for this point, the court in *Brahamsha v. Supercell OY* erred in thinking that it had a duty to affirmatively investigate its jurisdiction where the defendant had not carried its burden. No. CV 16-8440, 2017 WL 3037382, at *3 (D.N.J. July 17, 2017).[1] If such a duty existed, the post-removal burden on the Defendant to establish jurisdiction would be eliminated. In this case, remand is required.

## II. DEFENDANT'S DELIBERATE DELAY OF THIS CASE MERITS AN AWARD OF FEES.

The removal statute provides for fees where a defendant lacked an objectively reasonable basis for seeking removal, or in other unusual circumstances. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). After Defendant filed its 12(b)(1) motion attacking subject matter jurisdiction after removal, Plaintiff twice offered Defendant everything that it could get—a stipulated remand to state court—and warned that Plaintiff would seek fees if Plaintiff had to formally seek remand. (*See* E-mail from Todd Logan to Kristen Cemate, Ex. 1-A to Pl.'s Mem. in Supp. of Mot. to Remand, dkt. 30-1.) Defendant refused, forcing Plaintiff to file this motion and respond to another brief.

Defendant claims that it had an objectively reasonable basis to believe that the federal court had subject matter jurisdiction because again, it satisfied CAFA's diversity of citizenship

---

[1] Plaintiff also notes that the defendant in *Brahamsha* maintained its position that Plaintiff lacked Article III standing; the court thus had at least one brief on the issue. 2017 WL 3037382, at *2 (defendant did not withdraw 12(b)(1) motion). While resolving the question was improper for the reasons above, the case is also distinguishable: here, neither party has taken any position on Plaintiff's standing. Instead, Defendant expects that the Court will perform the entire analysis without assistance from the parties.

3

requirement.[2] But every reasonable attorney knows that removal is only appropriate where a federal court would have subject matter jurisdiction of the claim at the outset, *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (citing 28 U.S.C. § 1441(a)), and Article III standing is part of subject matter jurisdiction, *Taylor*, 875 F.3d at 853. CAFA alone does not give a federal court subject matter jurisdiction; the plaintiff has to have Article III standing, too. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (examining Article III standing even though case met requirements of CAFA). Worse, Defendant knows this: removing under CAFA and then moving to have the action dismissed for lack of Article III standing was Defendant's entire litigation strategy in the case. As such, Defendant cannot plausibly argue that it believed this Court had subject matter jurisdiction when it removed the case.

The *Brahamsha* court, the sole authority on which Defendant relies for the reasonableness of its actions, similarly erred in treating Article III standing as if it were not a component of the Court's jurisdiction. 2017 WL 3037382, at *6 (noting that "the only way for Defendant to have its claims heard in the federal courts, as it is admittedly entitled to do under CAFA, without conceding actual injury, was to act as it did and remove first and then move to dismiss under Rule 12(b)(1).") As the cases above in this Circuit make clear, a party is not "entitled" to be heard in federal court because CAFA's requirements apply; a court must have federal subject matter jurisdiction in order for the removal to be proper. A defendant who knows at the outset that it will attack federal subject matter jurisdiction does not have an objectively reasonable basis to believe that jurisdiction exists.

---

[2] In fact, Defendant's assertion doesn't even satisfy CAFA: mere diversity is not the only requirement. 28 U.S.C. § 1332(d)(2) (creating $5,000,000 amount-in-controversy requirement). Defendant must also establish that none of the exceptions to CAFA apply. 28 U.S.C. § 1332(d)(4), (5), (9).

Nor should Defendant's conduct be excused. Defendant has twice doubled down on its position, and continues to present no reason to this Court that the case should ever have been here in the first place. Judge Bucklo was correct to award fees in *Mocek* after "defendant tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction . . . . [and] the only possible outcome was for the case to end up right back where it started: in state court." 220 F. Supp. 3d at 914–15 (awarding $58,112.50). Plaintiff, too, should be made whole from this needless detour, and requests compensation for his attorneys' time in the amount of $18,799.70. (Decl. of Ben Richman, attached hereto as Exhibit 1).

## **CONCLUSION**

For the reasons above, Plaintiff respectfully requests that this Honorable Court (1) remand this matter to the Circuit Court of Cook County, Illinois, (2) order Defendant and its attorneys to pay Plaintiff's reasonable attorneys' fees and costs in the amount of $18,799.70, and (3) grant such other relief as may be just and proper.

Respectfully submitted,

**JAMEL BARNES**, individually and on behalf of all others similarly situated

Dated: December 15, 2017

By: /s/ J. Eli Wade-Scott
One of Plaintiff's Attorneys

Benjamin H. Richman
Sydney M. Janzen
Todd M. Logan
J. Eli Wade-Scott
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

David J. Fish
John C. Kunze

Kimberly A. Hilton
THE FISH LAW FIRM
200 East 5th Ave., Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590

**CERTIFICATE OF SERVICE**

  I, J. Eli Wade-Scott, an attorney, hereby certify that on December 15, 2017, I caused to be served the above and foregoing ***Plaintiff's Reply in Support of His Motion for Remand*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system.

                      /s/ J. Eli Wade-Scott