# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMEL BARNES | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-7358 |
| | ) | |
| vs. | ) | Judge Thomas M. Durkin |
| | ) | |
| ARYZTA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This case was filed in state court on August 17, 2017 and removed by Defendant to federal court on October 12, 2017. Plaintiff, on behalf of himself and a class of similarly situated individuals, alleges that Defendant violates the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, and is liable for negligence. Plaintiff seeks (1) a declaratory judgment that Defendant violated BIPA and acted negligently; (2) injunctive and other equitable relief as is necessary to protect the interests of the class, including an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA; (3) statutory damages under BIPA, as well as attorneys' fees and costs; (4) pre- and post-judgment interest, and (5) any other relief that the Court deems reasonable and just. Defendant contends that the time-clock in issue does not collect or store an employee's fingerprint or any other biometric identifier or biometric information to establish any statutory liability under the BIPA on behalf of Plaintiff

or a purported class. Defendant further contends that Plaintiff cannot succeed on his claims because he has not suffered any injury and is therefore not a "person aggrieved" by a violation of the BIPA, and cannot succeed on a claim for negligence under Illinois law. Defendant has further set forth several affirmative defenses, including but not limited to the statute of limitations, equitable doctrine of laches, equitable doctrines of estoppel, waiver, ratification and/or acquiescence, assumption of the risk, good faith and substantial compliance and superseding/intervening causes in connection with Plaintiff's knowledge of, implicit consent to and continued use of the time-clock in issue during the course of his employment with Defendant.

On November 2, 2017, Defendant filed a motion to dismiss under Rule 12(b)(1) and 12(b)(6). R. 16. On November 6, 2017, Defendant moved to withdraw its motion to dismiss and sought leave to file an amended version raising only Rule 12(b)(6) arguments for dismissal. R. 22. The Court granted that motion on November 8, 2017. R. 26. On November 22, 2017, Plaintiff filed a motion to remand the case to state court. R. 29. Briefing on Plaintiff's motion to remand was completed on December 15, 2017. For the reasons that follow, Plaintiff's motion to remand is granted.

## DISCUSSION

The issue before the Court is whether Defendant's removal of this class action lawsuit from state court was proper.

The removal statute states that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of

which the district courts of the United States *have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Defendant removed this action based on federal court jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). That statute grants federal district courts:

> original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . [a]ny member of a class of plaintiffs is a citizen of a State different from any defendant.

*Id.* After removing this action based on jurisdiction accorded by the CAFA, Defendant then moved to dismiss the complaint for lack of subject matter jurisdiction based on the argument that Plaintiff lacked a concrete injury-in-fact sufficient to confer Article III standing pursuant to the Supreme Court's ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

A similar strategy was adopted by the defendant in *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998), where Justice Kennedy, in a concurring opinion, said the following:

> Here the State consented to removal but then registered a prompt objection to the jurisdiction of the United States District Court over the claim against it. By electing to remove, the State created the difficult problem confronted in the Court of Appeals and now here. This is the situation in which law usually says a party must accept the consequences of its own acts. It would seem simple enough to rule that once a State consents to removal, it may not turn around and say the Eleventh Amendment bars the jurisdiction of the federal court. Consent to

> removal, it can be argued, is a waiver of the Eleventh Amendment immunity.

*Id.* at 393.

Article III standing, unlike Eleventh Amendment immunity, is not waivable (at least insofar as its non-prudential limitations are concerned[1]). *AP Siding & Roofing Co. v. Bank of New York Mellon*, 548 Bankr. 473, 484 (N.D. Ill. 2016) ("[s]tanding . . . is jurisdictional and non-waivable"). What, then, is the consequence of Defendant raising a *Spokeo* standing argument in a Rule 12(b)(1) motion to dismiss for lack of jurisdiction after having removed the case to federal court based on the representation that the federal court *had* subject matter jurisdiction over the case, and then subsequently withdrawing its Rule 12(b)(1) motion?

For the answer to that question, the Court adopts the reasoning of Judge Bucklo in *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910 (N.D. Ill. 2016):

> Defendant insists that because federal courts have an independent obligation to satisfy themselves of their own jurisdiction before passing on the merits of a claim, it follows that I must determine whether plaintiff has Article III standing regardless of whether some other threshold matter compels remand. But that argument is belied by *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818 (7th Cir. 2016), . . . in which the Seventh Circuit declined to address standing under *Spokeo*, explaining that a federal court is not required to "consider subject matter jurisdiction over all other threshold matters." *Id.* at 821. Instead, the court explained, a

---

[1] *See MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 747 (7th Cir. 2007) ("[I]f there is no Article III standing, the court is obliged to dismiss the suit even if the standing issue has not been raised . . . . But nonconstitutional lack of standing belongs to an intermediate class of cases in which a court can notice an error and reverse on the basis of it even though no party has noticed it and the error is not jurisdictional, at least in the conventional sense.").

federal court "has leeway to choose among threshold grounds for denying audience to a case on the merits." In *Meyers*, the court concluded that because sovereign immunity—a non-jurisdictional threshold issue—was "easily and readily" resolved in the defendant's favor, it made little sense to waste judicial resources, or those of the parties, resolving the *Spokeo* issue. *Id.* The court emphasized that its approach did not run afoul of the Supreme Court's prohibition on "hypothetical jurisdiction," *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998), because "jurisdiction is vital only if the court proposes to issue a judgment on the merits." [citation omitted].

So, too, in this case, the jurisdictional issue is "easily and readily" resolved based on the parties' post-removal agreement that federal jurisdiction is lacking. Indeed, the court remanded to state court *sua sponte* on that very basis in *Black v. Main Street Acquisition Corp.*, 2013 WL 1295854 (N.D.N.Y. Mar. 27, 2013), concluding that when "no party shoulders the burden of proving jurisdiction," remand is required under § 1447(c). *Id.* at *1 (declining to dismiss the case with prejudice). *Black* is consistent with the Seventh Circuit's holding in *Meyers* that district courts have "leeway" to select among threshold grounds for disposing of a case and should do so in a resource-efficient manner. Because the parties are now aligned in the view that I lack subject-matter jurisdiction, I need not accept defendants' invitation to undertake a *Spokeo* analysis to conclude that remand is required.

. . . .

. . . [T]o the extent . . . defendant's real objective in pressing the *Spokeo* issue is to "shorten the proceedings in state court," I am not inclined to resolve an issue that is not actually in dispute, solely for the purpose of advancing, in some advisory fashion, an argument defendant may wish to make in state court. *See Smith v. Wisc. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994) ("Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved.").

> In short, with no party willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis.

*Id.* at 912-14.

Defendant attempts to distinguish this case from *Mocek* by the fact that it has withdrawn its motion to dismiss for lack of jurisdiction. In doing so, Defendant asserts, it is not arguing in favor of Plaintiff having an Article III injury sufficient to confer federal court jurisdiction but only taking the position that the issue need not be resolved at this time. According to Defendant:

> [T]he fatal flaw in Plaintiff's argument is that the Article III standing issue has not been agreed upon and remains undecided. In particular, this Court may determine from the case-specific allegations of Plaintiff's Complaint that Plaintiff has established standing under Article III. Alternatively, this Court may determine that Plaintiff is entitled to amend his Complaint or that later resolution of the Article III standing issue is more appropriate than determining such issue at the dismissal stage. Should this Court find that such standing has been established or the issue should be reserved for later ruling, jurisdiction before this Court remains appropriate under the CAFA.

R. 31 at 3-4. In other words, Defendant's post-withdrawal position is *not* that the Court lacks Article III case or controversy jurisdiction; instead, Defendant argues only that it remains to be seen whether the Court has jurisdiction under Article III.

The problem with this position is that Defendant's "wait and see" approach negates the basis on which it filed its removal petition. The burden of proving federal court jurisdiction is on Defendant, the party which removed this action to federal court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). As the Seventh Circuit stated in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir.

6

2005), "[w]hichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading[2] and leave it to the court or the adverse party to negate jurisdiction." *Id.* at 447. By filing a Rule12(b)(1) motion and then withdrawing that motion while still maintaining that the existence of an Article III injury remains open to debate, Defendant has abdicated that burden:

> [T]he rule in this circuit has been that the court's discretion to dismiss for lack of subject matter jurisdiction when the [party with the burden of proof] could have pleaded the existence of jurisdiction and when in fact such jurisdiction exists, should be exercised sparingly. But to say that dismissals under these circumstances should be rare does not mean that this step is never appropriate. *See, e.g., Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 849 F.2d 1197 (9th Cir. 1988) (remanding the case with instructions to dismiss for lack of jurisdiction, and expressly declining to determine whether jurisdiction existed under § 1332 because the parties did not plead it). In *Littleton* [*v. Berbling,* 468 F.2d 389, 394 (7th Cir. 1972), *rev'd sub nom. O'Shea v. Littleton,* 414 U.S. 488 (1974), *and vacated sub nom. Spomer v. Littleton,* 414 U.S. 514 (1974)], immediately after acknowledging the principle that a court usually should not dismiss a case just because the plaintiff failed to articulate a basis for jurisdiction that was evidently proper, we cautioned that "the ultimate duty of pleading his case rests upon the party and not upon the district court to divine what is not reasonably there." 468 F.2d at 394.

*Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425-26 (7th Cir. 2010) (internal quotation marks and some citations omitted).

---

[2] "Pleading" in this context refers to Defendant's notice of removal. *See Brill*, 427 F.3d at 449 ("A defendant's notice of removal [ ] serves the same function as the complaint would in a suit filed in federal court.").

The Court declines to decide whether there is Article III standing because neither party is willing to address the issue. On the one hand, Plaintiff seeks remand to the state court and therefore does not want to argue to this Court it has sustained a concrete injury-in-fact because then it would be conceding subject matter jurisdiction in federal court. Defendant, on the other hand, would like to argue that Plaintiff has *not* sustained an Article III injury but has withdrawn any argument to that effect in a ploy to avoid being forced out of federal court. The difference between the two parties is that Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction in this Court.

Notwithstanding its strategic withdrawal of its motion to dismiss for lack of subject matter jurisdiction, Defendant argues in opposition to Plaintiff's motion to remand that satisfaction of the jurisdictional prerequisites under the CAFA is sufficient for removal purposes and that Defendant, having established CAFA jurisdiction, may raise the Article III standing issue at some later point in these proceedings in federal court. But "[t]o say that a court is without jurisdiction to decide a case on its merits [yet] has jurisdiction merely to remove the case is to state a contradiction." *Richman Bros. Co. v. Amalgamated Clothing Workers of Am.*, 114 F. Supp. 185, 190 (N.D. Ohio 1953). "Section 1441 of Title 28 U.S.C. authorizes the removal of cases 'of which the district courts . . . have original jurisdiction'. . . . 'By jurisdiction [the statute] mean[s] power to entertain the suit, consider the merits and render a binding decision thereon . . .'" *Id.* at 190-91 (quoting *General*

*Inv. Co. v. N.Y. Centr. R.R. Co.*, 271 U.S. 228, 230 (1926)). "The statute does not contemplate a result that permits a district court to remove a case which it is required to dismiss for want of jurisdiction." *Id.* at 191.

In any event, Defendant admits that Article III standing based on *Spokeo* in the context of Plaintiff's claims in this case is unsettled. *See* R. 32 at 2-3. "That consideration alone supports remand, as '[a]ny doubt regarding jurisdiction should be resolved in favor of the states.' Indeed, as a general matter, federal courts 'should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.'" *Mocek,* 220 F. Supp. 3d at 912-13 (citation omitted) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

## Conclusion

Defendant, as "the proponent of federal jurisdiction bears the risk of non-persuasion." *Brill,* 427 F.3d at 448. Defendant has gone from arguing that this Court does *not* have jurisdiction to taking the position that federal jurisdiction may or may not later prove to be lacking. In short, Defendant does not even attempt and thus necessarily fails to persuade the Court that federal jurisdiction exists. Accordingly, the Court grants Plaintiff's motion to remand to state court. R. 29. Also, for the reasons given in *Mocek,* 220 F. Supp. 3d at 914, the Court grants Plaintiff's request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).[3]

---

[3] In *Brahamsha v. Supercell OY*, 2017 WL 3037382 (D.N.J. July 17, 2017) (unpublished), the court disagreed with Judge Bucklo's analysis in *Mocek* on the ground that "the appropriate threshold question" was "whether Defendant possessed an objectively reasonable basis for the removal" based solely on the CAFA, separating out the issue of whether "subject matter jurisdiction would

9

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 20, 2017

---

subsequently be defeated by the lack of standing." *Id.* at *6. The Court already has explained, however, that removal jurisdiction involves both the issue of jurisdiction under the CAFA and the issue of standing. It was incumbent on Defendant, therefore, to consider the Article III standing issue when it removed the action to this Court.