# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMEL BARNES, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>ARYZTA, LLC, a Delaware corporation,<br><br>    *Defendant*. | Case No. 1:17-cv-07358<br><br>Honorable Thomas M. Durkin |

## PLAINTIFF'S MOTION FOR ISSUANCE OF CITATIONS TO DISCOVER ASSETS

Plaintiff Jamel Barnes respectfully requests that this Court issue citations to discover assets pursuant to Federal Rule of Civil Procedure 69(a) and 735 ILCS 5/2-1402, and in support thereof states:

1.    Barnes filed this action in state court on August 17, 2017. Defendant Aryzta LLC removed it on October 12, 2017.

2.    Aryzta then inexplicably filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), attacking the Court's subject matter jurisdiction. Though Aryzta later withdrew the motion, it refused to take a position on whether the court had subject matter jurisdiction. Plaintiff accordingly filed a motion to remand on November 22, 2017.

3.    Barnes's motion for remand included a request for attorneys' fees as authorized by 28 U.S.C. § 1447(c). (Dkt. 29; dkt. 30.) When briefing was complete, Barnes included a calculation of his attorneys' fees incurred by the briefing and as a result of the removal, supported by a declaration and billing records, in the amount of $18,799.70. (Dkt. 32 at 5; dkt. 32-1.)

4.    The Court granted Barnes's motion to remand on December 20, 2017. (Dkt. 38.)

5. The Court also granted his request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). (Dkt. 38; dkt. 39 at 9.) The Court closed the case and issued the notice of remand. (Dkt. 40.) That should have been the end of all proceedings in this Court.

6. Despite several requests, Aryzta has made clear it will not pay Plaintiff's attorneys' fees as ordered by the Court, and the full balance of $18,799.70 remains unpaid. Specifically, when Plaintiff's counsel sought to arrange payment of the fee, Defendant's counsel advised that Aryzta would not pay and that they would be filing a motion for reconsideration and an appeal by January 16, 2018. Aryzta's counsel asked Plaintiff's counsel to delay taking any action regarding the owed fees pending the forthcoming motion for reconsideration and appeal. Barnes did so.

7. Defendant did not file anything on January 16. January 17 (the deadline to file a motion to reconsider this Court's ruling) also came and went without the threatened motion. Then on January 19, 2018, Aryzta filed its notice of appeal.[1] Aryzta may appeal only the award of fees, not the remand itself. 28 U.S.C. § 1447(d); *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 653 (7th Cir. 2014).

8. However, Aryzta did not post a bond or move to stay the judgment, apparently failing to recognize that its failure to do so means the $18,799.70 judgment remains enforceable. *See Porco v. Trs. of Indiana Univ.*, 453 F.3d 390, 396 (7th Cir. 2006) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1263 (7th Cir. 1986)) (noting that "merely filing appeal without obtaining stay under Rule 62(d) does not prevent creditor from enforcing judgment").

---

[1] Aryzta must have realized that filing a motion for reconsideration would render the appeal premature. *See* FED. R. APP. P. (a)(4)(A); *United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010) ("[A] motion for reconsideration presenting a substantive challenge to the decision . . . makes a district judge's order non-final . . . .").

9. Federal courts adopt the collection procedures of the state in which they sit, unless a federal rule conflicts. FED. R. CIV. P. 69(a)(1). Illinois procedure provides that a judgment creditor may institute proceedings to "discover assets or income of the debtor not exempt from the enforcement of the judgment, a deduction order or garnishment, and [to compel] the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." 735 ILCS 5/2-1402(a). In state court, this procedure is initiated by a citation to discover assets issued by the Clerk. *Id.* This court can direct the issuance of such citations upon motion. *E.g. Tenner v. Zurek*, No. 97 C 5321, 2000 WL 283091, at *2 (N.D. Ill. Mar. 7, 2000).

10. The Court can order citations to be issued to the judgment debtor and to any third party that the creditor has "reason to believe" possesses a judgment debtor's assets or income. Ill. Sup. Ct. R. 277(a); *Regan v. Garfield Ridge Tr. & Sav. Bank*, 247 Ill. App. 3d 621, 623 (2d Dist. 1993). If assets or income are found to be in the hands of a third party, the Court may order them paid to the judgment creditor. *Dexia Credit Local v. Rogan*, 629 F.3d 612, 624 (7th Cir. 2010) (applying Illinois law).

11. Plaintiff has reason to believe that Defendant has one or more accounts with JP Morgan Chase Bank because Plaintiff received checks from a JP Morgan Chase account while he was Defendant's employee.

WHEREFORE, Plaintiff respectfully requests that this Court direct the Clerk to issue the attached citations to discover assets to Defendant Aryzta LLC, attached hereto as Exhibit A, and JP Morgan Chase, attached hereto as Exhibit B.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | EDELSON PC |
| January 25, 2018 | By: /s/ J. Eli Wade-Scott |
|  | *One of the Attorneys for the Plaintiff and the Putative Class* |

Benjamin H. Richman
brichman@edelson.com
Sydney M. Janzen
sjanzen@edelson.com
Todd M. Logan
tlogan@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Roger R. Perlstadt
rperlstadt@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

David J. Fish
dfish@fishlawfirm.com
John C. Kunze
kunze@fishlawfirm.com
Kimberly A. Hilton
khilton@fishlawfirm.com
THE FISH LAW FIRM
200 East 5th Ave., Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590

4

## CERTIFICATE OF SERVICE

      I, J. Eli Wade-Scott, an attorney, hereby certify that on January 25, 2018, I caused to be served the above and foregoing ***Plaintiff's Motion for Issuance of Citations to Discover Assets*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system.

                                              /s/ J. Eli Wade-Scott